UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **ANDRE PRICE** | **CASE NO. 5:19-CV-01237** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CITY OF BOSSIER ET AL** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted filed by Defendants. The motion is partially opposed.[1]

Because Price pled guilty to battery of a police officer, his excessive force and physical brutality claims are barred by *Heck v. Humphrey*. In addition, Price does not oppose dismissal of his Fifth and Eighth Amendment claims, his claim against Bossier City, and his state law claims against Unknown Bossier City Police Officers. Accordingly, it is recommended that the motion to dismiss be **GRANTED**.

### Background

This case arises out of plaintiff Andre Price's arrest in the early morning hours of September 21, 2018. Price alleges his constitutional rights were violated when he was arrested. Price claims he was hit and beaten excessively by Officer Hunter J. Timms and Officer Shawn Parker.

On August 7, 2019, Price pled guilty to battery of a police officer, as well as to possession of a Schedule II controlled dangerous substance. He was sentenced to twelve and six months of

---

[1] Plaintiff filed an opposition but does not oppose dismissal of every claim.

1

imprisonment, respectively. On September 20, 2019, Price commenced this suit by filing his complaint. [doc. # 1].

First, Price brings an excessive force and physical brutality claim against Timms and Parker, alleging they "used excessive force upon Price, and deprived him of his rights to due process and equal protection of the laws, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §§ 1983 and 1988." (Pl.'s Compl. ¶ 31). He also claims "other unnamed and/or unknown co-conspirators" are also liable for the use of excessive force. (*Id*. at ¶ 32).

Second, Price alleges the Officers of the Bossier City Police Department "deprived him of rights under state law" and "committed the specific torts of assault, battery, abuse of process, intentional infliction of emotional distress, false arrest, false imprisonment, negligence, gross negligence, and intentional torts." (*Id*. at ¶ 34).

Third, Price asserts "Bossier City is liable for the actions of the Officers of the Bossier City Police Department and other unidentified employees of Bossier City to the extent the said persons were acting in their capacities as either agents or employees of Bossier City, thereby placing liability upon Bossier City pursuant to the theories of agency, respondent superior, and vicarious liability for all causes and claims stated herein arising under the laws of the State of Louisiana." (*Id*. at ¶ 38).

Finally, at various points in his complaint, Price claims his Fifth and Eighth Amendment rights were violated as a result of his treatment and beating. (*Id*. at ¶¶ 3, 8, 22). Neither claim is specifically enumerated as a distinct cause of action.

On November 26, 2019, Defendants filed their motion to dismiss. [doc. # 3]. On January 9, 2020, Price filed his opposition, and Defendants filed their reply brief on January 16, 2020. [doc. #s 9 and 10]. The motion is ripe.

## **Legal Standard for a Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) requires dismissal if the plaintiff fails to state a claim upon which relief can be granted. A pleading states a claim for relief when, *inter alia*, it contains "a short and plain statement…showing that the pleader is entitled to relief…" FED.R.CIV.P. 8(a)(2). To withstand a 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when it contains enough factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Iqbal*, 556 U.S. at 678. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 536.

In deciding whether the complaint states a valid claim for relief, a court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). But the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).

3

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## Discussion

1. **Vicarious liability of the City of Bossier, the Fifth and Eighth Amendment claims, and claims against the Bossier City Police Department**

    a. <u>Vicarious liability claim.</u>

Defendants contend the vicarious liability claim brought against Bossier City fails because vicarious liability does not apply to § 1983 claims. Specifically, defendants argue that Price has failed to establish any constitutional violation by Bossier City, thereby barring a claim against Bossier City under Mo*nell*. [doc. # 8, pgs. 10-11]. Price agrees. [doc. # 9, p. 6]. Therefore, for the reasons stated by defendants, the undersigned recommends dismissal of the claim.

Price seeks leave to amend his complaint to pursue vicarious liability under Louisiana law, but does not make allegations sufficient to be considered an amended complaint. The Court cannot rule on whether to grant Price leave to amend until he files a proposed amended complaint.

    b. <u>Fifth and Eighth Amendment claims.</u>

Defendants contend that Price's Fifth Amendment claim should be dismissed because the Fifth Amendment applies only to the actions of the federal government, and not to the actions of a municipal government, and that Price's Eighth Amendment claim should be dismissed because it does not apply to the state and is not implicated by defendants' conduct during Price's arrest.

4

[doc. # 3, p. 12] Price agrees that these claims should be dismissed. Therefore, the undersigned recommends dismissal for the reasons stated by defendants.

    c. <u>Claims against the Bossier City Police Department and "Unknown Employees of the Bossier City Police Department."</u>

Defendants argue that Price's state law claims against the Bossier City Police Department and "Unknown Employees of the Bossier City Police Department" should be dismissed because neither is a proper defendant in that the Bossier City Police Department is not a separate legal entity capable of being sued, and a Section 1983 claim cannot be maintained against "unknown" employees. *Id*. at p. 13. Price does not oppose dismissal of these claims, but does indicate that he may seek to amend the complaint to name the officers involved in this matter.

Again, for the reasons stated in defendants' motion, the undersigned recommends dismissing both of these claims, and notes that there is no pending motion for leave to amend or proposed amendment for the court to consider at this time.

**2. The claims against Timms and Parker are barred by *Heck* and should be dismissed.**

Price's complaint alleges that Officers Hunter Timms and Shawn Parker used excessive force on Price when arresting him, in violation of his constitutional rights; however, Price's complaint fails to mention that he pled guilty to battery of Officer Parker. Price does not dispute that his claim against Parker should be dismissed, but contends that his claim against Officer Timms should survive a motion to dismiss.

In *Heck*, a state prisoner filed a Section 1983 suit in federal district court seeking damages for allegedly unconstitutional police actions while his direct appeal was still pending. 512 U.S. at 479, 114 S.Ct. 2364. The full Court joined Justice Scalia's opinion announcing a "favorable

termination" prerequisite to bringing a 1983 action that might challenge the fact or duration of a prisoner's confinement:

> To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction and that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87, 114 S.Ct. 2364. Thus, courts will not recognize "a § 1983 claim, which alleges harm based upon conduct that would imply the conviction is invalid . . . so long as the conviction stands undisturbed." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (citing *Heck*, 512 U.S. at 487–89). In relation to an excessive force claim under § 1983, *Heck* bars a claim that would undermine a conviction unless it is "temporally and conceptually distinct from the conviction." *Walter v. Horseshoe Entm't*, 483 F. App'x 884, 887 (5th Cir. 2012) (citations omitted).

In *Hudson v. Hughes*, the Fifth Circuit said a plaintiff who was convicted of battery of officer could not maintain a Section 1983 action alleging the officers used excessive force during his arrest because self-defense is a justification for the crime. 98 F.3d 868, 873 (5th Cir. 1996).

*Heck* and *Hudson* compel the undersigned to recommend GRANTING the motion to dismiss with respect to Price's 1983 claims against Timms and Parker. Even though Price was not charged with battery of Timms, his allegations of excessive force against Timms arise from the same event, and the claim is not temporally distinct from the crime for which he was convicted. If proven, his excessive force claim would undermine his conviction for battery of a police officer. Accordingly, these claims should be dismissed.

3. **Manual exhibit.**

Price attached a manual exhibit to his opposition, to which defendants object. The manual exhibit contains a number of taped interviews with the police officers that allegedly stand for the proposition that multiple officers beat him after he had been arrested. The defendants object to the exhibit because the taped interviews are not authenticated and the plaintiff failed to properly serve them.

In addition, the court cannot take judicial notice of the interviews because they are unauthenticated recordings of non-public interviews, and have not been attached to or incorporated into the complaint by reference. Fed. R. Evid. 201; *see also Chase v. Nodine's Smokehouse, Inc.*, 360 F. Supp. 3d 98 (D. Conn. 2019). Therefore, the objection is **sustained**. However, if Price believes the contents of the interviews could establish a claim upon which relief can be granted, he should incorporate those contents into an amended complaint, and should be given the opportunity to do so.

## Conclusion

**For the reasons stated above,** and in the absence of an amendment within the time delays for objection to this report and recommendation, it is recommended that the Plaintiff's complaint be dismissed in its entirety.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before making a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, Monroe, Louisiana, this 27th day of January 2020

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE