## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| ANDRE PRICE | CASE NO. 5:19-CV-01237 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| CITY OF BOSSIER, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

On January 27, 2020, the Magistrate Judge issued a Report and Recommendation [Doc. No. 11], which recommended the granting of Defendants' Motion to Dismiss [Doc. No. 3]. The Magistrate Judge recommended the dismissal of Plaintiff Andre Price's ("Price") Fifth and Eighth Amendment claims, his claims against Bossier City, and his state law claims against Unknown Bossier City Police Officers, on the grounds that Price did not oppose dismissal of those claims [Doc. No. 11, p.1].

The Magistrate Judge further recommended dismissal of Price's remaining excessive force and physical brutality claims as barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), and *Hudson v. Hughes*, 98 F. 3d 868 (5th Cir. 1996), because Price's allegations arose from a single violent encounter—the same encounter that supported Price's guilty plea to battery of an officer. [Doc. No. 11, p. 6]. The Magistrate Judge concluded:

> Because Price pled guilty to battery of a police officer, his excessive force and physical brutality claims are barred by *Heck v. Humphrey.* In addition, Price does not oppose dismissal of his Fifth and Eighth Amendment claims, his claim against Bossier City, and his state law claims against Unknown Bossier City Police Officers. Accordingly, it is recommended that the motion to dismiss be GRANTED.

[Doc. No. 11, p.1]. The Magistrate Judge recommended that Price's Complaint be dismissed in its entirety, "in the absence of an amendment within the time delays for objection to this report and recommendation." [Doc. No. 11, p. 7].

Price filed objections to the Report and Recommendation [Doc. No. 13]. Price objects to the dismissal of his excessive force and physical brutality claims as being barred by *Heck* and *Hudson.* Price further disagrees with the Magistrate Judge's statement that he does not oppose dismissal of his claims against Bossier City. He states that, although he does not object to the dismissal of his Fifth or Eighth Amendment Claims, his claims against Unknown Employees of the Bossier City Police Department, or his claims against the Bossier City Police Department, he *does* object to the recommendation that his claims against the City of Bossier under *Monell* and/or state law, including agency, *respondeat superior*, and/or vicarious liability claims under state law be dismissed. [Doc. No. 13, p. 2]. He contends those claims should not be dismissed for the same reasons his excessive force and physical brutality claims should not be dismissed.

Price does not appear to center his arguments that the Report and Recommendation should be rejected based on the merits of his original Complaint. His arguments in support of his objections are based almost exclusively on the allegations he has made in his proposed First Amended Complaint [Doc. No. 12-1]. However, in a separate Ruling, the Court has denied Price leave to file his proposed First Amended Complaint, on the basis that it is futile and does not state any plausible claims against Defendants.

Because Price has tied his objections to the Report and Recommendation on his proposed First Amended Complaint rather than the merits of his original Complaint, and for the additional reasons set forth in the Court's separate Ruling denying Price leave to file his proposed First

2

Amended Complaint, the Court finds that Price's objections should be DENIED, and that the Report and Recommendation should be ADOPTED. All of Price's claims, including his claims against the City of Bossier under *Monell* and/or state law, including agency, *respondeat superior*, and/or vicarious liability claims under state law, should be DISMISSED WITH PREJUDICE.

Monroe, Louisiana, this 18th day of March, 2020.

                                                                **TERRY A. DOUGHTY**
                                                                **UNITED STATES DISTRICT JUDGE**